IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:08-cr-314-D |
| JASON GIVENS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JASON GIVENS'S MOTION TO COMPEL OR IN THE ALTERNATIVE A MOTION TO WITHDRAW/REJECT THE PROTECT ACT SUPERVISED VIOLATION REPORT AND PETITION FOR OFFENDER UNDER SUPERVISION**

**Background**

Defendant Jason Givens is serving a two-year term of supervised release as part of his sentence for a charge of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in an indictment out of this district.

On March 7, 2017, Mr. Givens's supervising probation officer filed a Report on Offender Under Supervision - No Court Action Recommended, in which he noted that Mr. Givens was ordered not to commit another federal, state, or local crime and reported the following as to his belief that Mr. Givens has violated that condition, "which require(s) official notification although no Court action is being recommended at this time":

> On March 3, 2017, Detective Glenn Harris with the Plano Police Department advised United States Probation Officer (USPO) Alvin DeBouse of an active warrant for Jason Givens' arrest for Robbery. According to Detective Harris, the Bank Robbery allegedly occurred on or about February 15, 2017, in Collin County, Texas.
> The warrant was executed earlier today. As a result, limited

-1-

information is available regarding the offense at this time. The U.S. Probation Office will keep the Court abreast of any new information. It is respectfully recommended that no Court action be taken at this time..

Dkt. No. 22 at 1. The Court "[a]gree[d] with the recommendation of the probation officer." *Id.* at 2.

On March 17, 2017, Mr. Givens's supervising probation officer filed a Petition for Offender Under Supervision, in which he noted that Mr. Givens was ordered not to commit another federal, state, or local crime and to not leave the judicial district without the permission of the Court or probation officer and not to possess a firearm, ammunition, destructive device, or any other dangerous weapon and reported that "[t]he probation officer believes that the offender violated th[ose] conditions" as follows:

> Jason Givens violated these conditions of supervised release on February 15, 2017, when he entered the First National Bank, Plano, Texas, said "give me all your money, don't push any buttons or I will shoot," and took money from the bank as evidenced by his arrest on March 7, 2017, by the Plano Police Department, Dallas, Texas, for Robbery, in violation of Texas Penal Code § 29.02(a)(2), a second degree felony. On March 7, 2017, he was released on $100,000 bond and the case remains pending.
> ....
>
> Mr. Givens violated this condition of supervised release by possessing ammunition. On March 7, 2017, Sergeant C. Matthews of the Plano Police Department, Plano, Texas, conducted a search of Mr. Givens' residence. The search yielded a .45 caliber pistol magazine that contained multiple rounds of live ammunition. Mr. Givens has not been charged for possessing ammunition; however, it is a violation of 18 USC §§ 922(g)(1) & 924 (a)(2), Felon in Possession of Firearm Ammunition, a Class C felony.

Dkt. No. 23 at 1. The probation officer recommended that the Court issue a violator's warrant, and the Court then, in response to the petition, ordered "[t]he Issuance of a

Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated." *Id.* at 2.

Mr. Givens was arrested on the warrant on March 24, 2017 and had an initial appearance before United States Magistrate Judge Irma Ramirez that day. *See* Dkt. No. 28. The Federal Public Defender was appointed to represent Mr. Givens. *See* Dkt. No. 26.

At the initial appearance, Mr. Givens waived his right to a preliminary hearing under Federal Rule of Criminal Procedure 32.1(b)(1). *See* Dkt. No. 30. On the basis of that waiver, the Court found probable cause to believe that a violation occurred and that the revocation hearing should be conduced by the presiding judge, United States District Judge Sidney A. Fitzwater, on May 26, 2017. *See* Dkt. No. 28.

The government also moved to detain Mr. Givens pending the revocation hearing, *see* Dkt. No. 25, and Mr. Givens waived his right to a detention hearing under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1) but reserved his right to ask for a hearing if he is "released from state custody while this case is pending (if the 'blue warrant' is lifted)." Dkt. No. 31 at 1. On the basis of that waiver, Judge Ramirez entered a Detention Order. *See* Dkt. No. 27.

On March 28, 2017, Judge Fitzwater ordered the final revocation hearing set for May 26, 2017. *See* Dkt. No. 33.

On May 17, 2017, the supervising probation officer filed under seal a Protect Act Supervised Release Violation Report, *see* Dkt. No. 35-1, which listed the same alleged violations of Mr. Givens's conditions of supervised release as in the March 17, 2017,

Petition for Offender Under Supervision but added supporting information and documents.

On May 24, 2017, Mr. Givens's counsel filed a Motion for Continuance of Revocation Hearing, "mov[ing] this Court for an Order continuing the revocation hearing presently scheduled for May 26, 2017, at 1400 hours" and explaining that

> Counsel certifies to this Court that this Motion is not made for purposes of simply delaying the revocation. It is alleged in the Violation Report (Report), that Mr. Givens violated his conditions of supervision by robbing a bank on February 15, 2017. It does not appear from the Report that either State or Federal prosecutors have sought and received an indictment for this conduct. Additionally, it is alleged that Mr. Givens illegally possessed a clip from a firearm and that clip contained bullets. Not to overstate the obvious, but Mr. Givens' possession of such a clip and bullets would be a violation of federal law, which is noted in the Report. Like the bank robbery, according to the Report, neither the State nor Federal prosecutors have sought and received an indictment for this conduct. Mr. Givens understands and recognizes that law enforcement has made statements against him and the statements are included in police reports. Mr. Givens asserts that he is not "guilty" of the conduct that forms the bases of the violations within the Report. Correspondingly, Mr. Givens pleads "Not True" to the violations.
> Mr. Givens knows that the State or federal government does not have to bring new criminal charges against him before this Court can determine that he violated a criminal statute, revoke his supervision based on that determination, and then sentence him to a term of imprisonment. See United States Sentencing Commission, Guidelines Manual, § 7B1.1, p.s. comment. (n.1) (Nov. 2016). He further understands that the Federal Rules of Evidence do not apply to revocation hearings and that the level of proof that need be shown before this Court can revoke his term of supervised release based on a particular allegation is a preponderance of the evidence. See U.S.S.G. § 6A1.3, p.s. Even with these restrictions on traditional "trial rights," Mr. Givens understands that while he does not possess a right under the Sixth Amendment to confront witnesses, he does have a right to confront any witness against him and that the right to confrontation "flows from the Due Process Clause...." United States v. Jiminson, 825 F.3d 260, 262 (5th Cir. 2016). This right to confront witnesses based on Due Process is subject to a showing of "'good cause for not allowing confrontation' at a revocation

hearing." Id. (quoting and citing Morrisey v. Brewer, 408 U.S. 471, 489 (1972)). "Determining whether good cause exists requires 'weigh[ing] the defendant's interest in confrontation of a particular witness against the Government's proffered reasons for pretermitting the confrontation.'" Id. (quoting and citing United States v. Minnitt, 617 F.3d 327, 333 (5th Cir. 2010)). Mr. Givens understands that this Court must make "'an explicit, specific finding of good cause' for not allowing confrontation of a particular witness." Id. (quoting and citing United States v. Grandlund, 71 F.3d 507, 510 n.6 (5th Cir. 1995) (remaining citation omitted)). As to his right under the Due Process Clause to confront witnesses, Mr. Givens asks this Court to allow him to confront witnesses related to the two allegations and to present evidence regarding allegations.

    Because this anticipated hearing is the functional equivalent of a bench trial with reduced quasi-trial rights, undersigned counsel request a continuance in order to prepare for this revocation hearing so that effective assistance of counsel can be provided to Mr. Givens.

    Counsel has visited with Assistant United States Attorney John J. Boyle regarding this request. Mr. Boyle stated that the government does not oppose this requested continuance.

    In order to provide sufficient time to address the bank robbery and "firearm clip and bullet" allegations, Counsel requests that revocation date be continued until July 14, 2017, or after.

    WHEREFORE, counsel for Mr. Givens respectfully requests that this Court continue the revocation hearing in this matter until July 14, 2017, or after.

Dkt. 36 at 1-3.

In a May 25, 2017 Order, Judge Fitzwater ordered that "Defendant's May 24, 2017 motion for continuance of revocation hearing is granted" and explained that "[t]he court does not intend to hold a hearing on the current petition while the state charges on which the petition is based are still pending." Dkt. No. 37 at 1.

Mr. Givens then filed his Motion to Compel or in the Alternative a Motion to Withdraw/Reject the Protect Act Supervised Violation Report and Petition for Offender under Supervision, *see* Dkt. No. 38 (the "Motion to Compel"), which Judge Fitzwater referred to the undersigned United States magistrate judge for a hearing, if necessary,

and for determination under 28 U.S.C. § 636(b)(1)(A), *see* Dkt. No. 39.

The Court held a hearing on the Motion to Compel on June 19, 2017, at which Mr. Givens and his counsel and counsel for the government appeared. *See* Dkt. Nos. 40 & 41.

In the Motion to Compel, Mr. Givens's counsel moves this Court for an Order (1) Compelling United States Probation to file an updated Probation Petition 12C or (2) withdrawing the PROTECT Act Supervised Release Report and the Petition for Offender Under Supervision" and explains that,

> [o]n March 7, 2017, United States Probation for the Northern District of Texas presented to this Court a "Notification to The Court for Cause" stating, in sum, that local authorities had arrested Mr. Givens based on evidence that Mr. Givens had robbed a bank. See (Docket Entry 22.) This "Notification" is what is referred to as a "Probation Petition 12C" or colloquially referred to as a "Prob 12." The Prob 12 appears to be designed as a tool for probation to communicate recommendations and information to District Courts regarding a person under the supervision of a specific probation officer. Within this first Prob 12, probation stated that it "believe[d] that [Mr. Givens] . . . ha[d] violated the . . . condition[ that Mr. Givens] . . . not commit another federal, state, or local crime." (Id.) Nevertheless, Probation recommended that no action be taken at that time, and this Court agreed with that recommendation. See (id.)
> 
> Ten days later, based mostly on the same allegations stated in the previous Prob 12, probation filed another "Notification to The Court for Cause" that included additional information related to the arrest for robbing a bank – a charge had not been filed at that time (and it does not appear that charges have been filed at all) – and allegation that Mr. Givens possessed a pistol magazine that contained ammunition – when law enforcement searched the Givens' family home, they located the offensive item. See (Docket Entry 32.) Though nothing greater than robbing a bank appeared in the newest "Notification," and neither a criminal complaint nor indictment had yet been filed against Mr. Givens for either alleged criminal violation, probation recommended that a violator's warrant be issued. This Court accepted the recommendation, and law enforcement arrested Mr. Givens on March 24, 2017.
> 
> On that same date, Mr. Givens made his initial appearance before

the Honorable Irma Carrillo Ramirez, United States Magistrate Judge, Northern District of Texas. See (Docket Entry 26.) Because the federal arrest might trigger – ultimately, it did trigger – a parole violator's warrant, Mr. Givens waived his right to both a detention hearing and a probable cause hearing. See (Docket Entry 30 & 31.) However, he reserved the right to have a detention hearing, if the parole violator's warrant was lifted. See (Docket Entry 31.)

After visiting with Mr. Givens' wife, it is undersigned counsel's understanding that state parole is waiting to learn the outcome of the revocation in the instant case and/or the outcome of the uncharged conduct listed in the Prob 12 before it takes any further action regarding the violator's warrant or an actual revocation of parole.

This Court then scheduled the revocation hearing for May 26, 2017. See (Docket Entry 33.) Nearly two months later and only a week before the scheduled revocation hearing, probation filed the PROTECT ACT SUPERVISED RELEASE VIOLATION REPORT (hereinafter "Report"). See (Docket Entry 35.) The same violations noted in the Prob 12 were listed in the Report – and no additional violations were stated. See (id.) Because (1) Mr. Givens asserts that he did not commit the conduct stated in the Report, (2) only the most incompetent of lawyers would suggest to a client that said client should plead "true" to such serious uncharged pending allegations, and (3) candor and respect to this Court dictates that notice should be given that a possible multiple-day hearing would have to occur so that a "miniature" trial could take place regarding the allegations within the Report, undersigned counsel filed a Motion to Continue the hearing that also served to notify this Court of the time-consuming issues within this case. See (Docket Entry 36.)

This Court timely responded, granted the continuance (which was functionally a cancellation of the revocation hearing), and notified the parties that this "[C]ourt does not intend to hold a hearing on the current petition while the state charges on which the petition is based are still pending." (Docket Entry 37.)

When this Court's decision and statement is combined with the fact that another hearing is not scheduled for this case, it would seem that the appropriate tool to use to move forward is a Prob 12. In fact, completing a Prob 12 that includes all of the above information along with a recommendation – any recommendation – would be the appropriate tool. This suggestion is not simply based on guessing, but it based on passed experience. See (Def.'s Ex. 1.) As this Court can see from the Defendant's Exhibit, a former client of undersigned counsel violated the conditions of supervision, appeared in one of our courts, was allowed to be out on bond, and then proceeded to follow all of the conditions of supervision. See (id.) Based on that the person's conduct, probation used a Prob 12 to

"recommend[ that] the previous violations be held in abeyance and that Mr. Santollo be allowed to continue under the previous term[s] of supervised release." (Id. p.2.)

It seems to undersigned counsel that this is exactly what should happen in this case. Such a result does not give Mr. Givens a pass on the alleged conduct, but, instead, it holds it in "abeyance" pending an outcome on that conduct. But this has not happened. Undersigned counsel has visited with probation and probation's answer is that the defense should file a Motion. A Motion to what? Frankly, I do not know what kind of Motion to file so I had to simply dream something up, which is this Motion to Compel Probation to Complete a Prob 12 or a Motion to Withdraw/Reject the PROTECT Act Supervised Release Report.

Given the above, and given the fact that Mr. Givens is presumed to be innocent of the allegations within the Report, Mr. Givens request that this Court either Order probation to file an updated Prob 12 explaining why, if at all, Mr. Givens should remain in the custody of the United States Marshal or Order that the documents associated with Docket Entries 23 and 35 be unfiled, Mr. Givens previous violations be held in abeyance, Mr. Givens be released from the custody of the United States Marshal, and Mr. Givens be allowed to continue under the previous terms and conditions of supervised release. If Mr. Givens is released under either scenario, it is expected that the Marshal will contact state and local authorities to take custody of Mr. Givens – if they are interested in taking him into custody after this Court Orders his release from federal custody.

Counsel has visited with Assistant United States Attorney John J. Boyle regarding this request. Mr. Boyle stated that the government does not take any position regarding this request.

Dkt. 38 at 1-4.

## Analysis

Mr. Givens's counsel candidly acknowledges that this is an unusual request. Turning first to first principles is helpful in these situations.

Supervised release is a creature of statute. 18 U.S.C. § 3583(a) provides that

[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the

-8-

sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

18 U.S.C. § 3583(e)(3) provides that

> [t]he court may, after considering the factors set forth in [18 U.S.C. §§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

And 18 U.S.C. § 3583(i) contemplates what the judges of this Court do in practice – the presiding judge issues a violator's warrant on a supervising probation officer's report of an allegation of violations of conditions of supervised release. *See* 18 U.S.C. § 3583(i) ("The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.").

In practice in this district, the supervising probation officer submits a report of violation to the presiding judge, who then decides whether to issue a summons or a violator's warrant or order that no action be taken. *See, e.g.*, Dkt. No. 23. Here, Judge Fitzwater signed the order attached to the Petition for Offender Under Supervision, ordered that a violator's warrant issue for Mr. Givens, and then entered that order. *See* Dkt. No. 23.

A warrant issued, *see* Dkt. No. 24, and Mr. Givens was arrested. Federal Rule of Criminal Procedure 32.1 then governed and required that Mr. Givens have an initial appearance and have the opportunity for a preliminary hearing and a detention hearing.

Rule 32.1(b)(1)(A) provides that a person held in custody for violating probation or supervised release may, as Mr. Givens elected to do here, waive the preliminary hearing. As explained above, the Court has found probable cause to believe that Mr. Givens violated his conditions of supervised release as alleged, and a final revocation hearing is set to be held but has been continued to a date to be determined.

Mr. Givens is now in custody not on the arrest warrant – which has been executed, *see* Dkt. No. 34 – but on the Detention Order entered on his waiver of his right to a hearing on the government's motion for detention, subject to a reservation of rights. Because Mr. Givens has been alleged to have violated his conditions of supervised and, on a finding of probable cause, a revocation hearing will be held, the question of whether he should be detained pending the revocation hearing is governed by 18 U.S.C. § 3143(a)(1) and Rule 32.1(a)(6), which require Mr. Givens to be detained

unless he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending the revocation hearing.

In his Motion to Compel, Mr. Givens asks that the Court order the United States Probation Office for the Northern District of Texas to file a "Probation Petition 12C" explaining why, if at all, Mr. Givens should remain in the custody of the United States Marshal. But the Court can find no basis to do so here. The matter of Mr. Givens's detention is not in the hands of the Probation Office, and it never was. The supervising probation officer only submitted a petition to Judge Fitzwater to issue a violator's warrant. The decision to do so was Judge Fitzwater's in an order of the Court, which the Probation Office has no power to rescind or vacate. And Mr. Givens's resulting arrest triggered the probable cause finding – which he does not challenge – and his resulting detention unless he can make the Section 3143(a)(1) showing for release pending the continued revocation hearing.

The Probation Office may believe that Mr. Givens should be detained because its officers have not wavered in their belief that Mr. Givens committed the supervised release violations alleged. But there is no basis to shift the burden to the Probation Office to explain why Mr. Givens should remain in custody in light of the Court's granting Mr. Givens's continuance motion. And Mr. Givens does not offer any authority for the Court to require a further submission by the Probation Office, outside of pointing to the experience of another individual who, unlike Mr. Givens, was released on conditions at his initial appearance

Mr. Givens alternatively asks the Court to order that the documents associated with Docket Entry No. 23 – the Petition for Offender Under Supervision that recommended the issuance of a warrant for the arrest of Mr. Givens – and Docket Entry No. 35 – the Protect Act Supervised Release Violation Report – be unfiled; that Mr. Givens's previous violations be held in abeyance; that Mr. Givens be released from the custody of the United States Marshal; and that Mr. Givens be allowed to continue under the previous terms and conditions of supervised release. Here, again, there is no basis on this record or in the governing legal framework – and Mr. Givens points to no authority – to unfile the probation officer's Petition for Offender Under Supervision, on the basis of which the presiding judge issued a violator's warrant and as to which the Court has found probable cause based on Mr. Givens's waiver of a preliminary hearing and will hold the revocation hearing that has been continued.

Mr. Givens is not challenging whether a final revocation hearing should take place – he is challenging his remaining in custody pending that hearing that is now continued to a date as yet unknown. If Mr. Givens wishes to challenge being held in custody on the Court's Detention Order, he has one option available to him: Request that the Court convene a detention hearing under Rule 32.1(a)(6) based on Mr. Givens's reservation of rights in his March 27, 2017 waiver of a hearing. At the June 19, 2017 hearing, Mr. Givens's counsel explained that that is not what Mr. Givens is looking for here, where, at any detention hearing, he will face the burden imposed by Section 3143(a)(1) and Rule 32.1(a)(6). But the Court determines that, under the circumstances, this is the option that Mr. Givens has available to him to address

whether he should be detained pending the now-continued final revocation hearing.

## Conclusion

For the reasons explained above, the Court DENIES Defendant Jason Givens's Motion to Compel or in the Alternative a Motion to Withdraw/Reject the Protect Act Supervised Violation Report and Petition for Offender under Supervision [Dkt. No. 38].

SO ORDERED.

DATED: June 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE